UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LEON COMBS, | ) |
| Plaintiff, | ) Civil Action No. 6: 08-199-DCR |
| v. | ) |
| JOSEPH M. HOOD, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Leon Combs is currently confined in the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky. He has filed a *pro se* civil rights Complaint under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Combs has also paid the $350.00 filing fee.

Combs has named two defendants in this action: (1) the Honorable Joseph M. Hood, United States Senior District Judge, and (2) Roger A. West, Assistant United States Attorney ("AUSA") for the Eastern District of Kentucky. He alleges that the Defendants violated his constitutional rights through their roles in his 2004 indictment and conviction on federal firearms charges. Combs seeks $15,000,000.00 in damages, plus additional unspecified damages for emotional distress, anxiety, and embarrassment. Because the Defendants are entitled to immunity, Combs' claims will be dismissed with prejudice.

**I.     BACKGROUND**

In 2001, a jury convicted Combs on two drug and two firearms charges. *See United States v. Leon Combs*, 7: 01-CR-00017-1. On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed the conviction as to the drug charges, but reversed and remanded the case regarding the firearm charges. *See United States v. Combs*, 369 F.3d 925 (6th Cir. 2004). One of the firearm convictions was reversed because the Sixth Circuit concluded that the allegations in the indictment pertaining to that offense were insufficient to charge Combs with a criminal offense. *See id.* at 934. The other firearms conviction was reversed on the ground that the indictment had been impermissibly amended. *See id.* at 936.

Following remand, Combs was re-indicted on the firearms charges. *See United States v. Leon Combs*, 7:04-CR-00054-1. Count One of this indictment (the "2004 indictment"), charged that on January 22, 2001, Combs used or carried a .22 caliber pistol during and in relation to a drug trafficking crime for which he was prosecuted in a Court of the United States. *Id.*, R. 1. Count Two of the 2004 indictment charged that on January 22, 2001, Combs possessed three firearms in furtherance of a drug trafficking crime for which he was prosecuted in a Court of the United States. Combs waived a jury and opted for a bench trial. *Id*. He was found guilty on both charges.

On December 27, 2004, Combs was sentenced to a term of 360 months in prison, plus a five-year term of supervised release. *Id.*, R. 30. Three days later, Combs appealed the convictions on two grounds: (1) that the evidence was insufficient to convict him of the charges; and (2) that there was a prejudicial variance between the evidence and the offense as charged in

the second count of the 2004 Indictment. *See United States v. Combs*, 218 F. App'x 483 (6th Cir. 2007). The Sixth Circuit subsequently rejected both arguments and affirmed Combs' convictions on March 1, 2007. *See id.*

Combs has now brought a *Bivens* claim alleging that his 2004 indictment and convictions violated: (1) his Sixth Amendment right to fair notice; (2) his Fifth Amendment right not to be placed in double jeopardy for the same offense; and (3) his Fifth Amendment right not to be held to answer for certain crimes except upon presentment to and indictment by a grand jury; (4) his Article I right to be from prosecution under an ex post facto law; and (5) his Fourteenth Amendment due process rights.

Combs alleges that because the Sixth Circuit had reversed and remanded the two firearms counts from the 2001 prosecution, AUSA Roger West acted without authority in bringing the 2004 indictment, which was based on the same incidents as the 2001 prosecution. He further alleges that Judge Hood violated his right to due process of law rights when he:

> proceeded to direct "Orders" after the "mandate" was issued by a superior court to [Dismiss] the Indictments. Judge Hood acted in violation of his authority by presiding over the 2004 proceeding and thus "[Granted] a [New Trial ] in the case, without the [Authority] to do so."

[Record No. 6]

To the extent that Combs is alleging that the 2004 Indictment was defective under the Fifth Amendment (*i.e.*, a violation of double jeopardy) and Sixth Amendment (*i.e.*, the right to fair notice), these arguments are essentially the same arguments that Combs unsuccessfully raised in the direct appeal of his 2004 convictions.

**II.     ANALYSIS**

The claims against both Defendants must be dismissed on the basis of immunity. Combs' claims against Judge Hood are barred by the doctrine of judicial immunity. Judges are absolutely immune "from suits arising out of the performance of their judicial functions." *Brookings v. Chunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994)). This immunity is not diminished even if the judge's "exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), nor is it diminished even if the judicial acts in question were performed maliciously, corruptly, or in bad faith, *Brookings*, 389 F.3d at 617 (citing *Pierson*, 386 U.S. at 554; *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Indeed, there are only two circumstances under which a judge's absolute judicial immunity can be overcome: (1) where the judge's acts are non-judicial acts, *i.e.*, acts not taken in the judge's judicial capacity; and (2) where the judge's acts were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.

"In *Stump*, the Supreme Court established a two-prong test to determine whether an act is 'judicial.'" *Brookings*, 389 F.3d at 617 (citing *Stump*, 435 U.S. at 362). This test requires this Court to ask whether: (i) the acts in question were functions that are "normally performed by a judge," and (ii) the judge dealt with the parties in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine whether the acts in question are ones normally performed by a judge, "a court is required to examine the nature and function of the act, not the act itself." *Brookings*, 389 F.3d at 617. As the Sixth Circuit explained, "paradigmatic judicial acts," or acts that involve the

resolution of disputes between parties who have invoked the jurisdiction of the court, are the touchstone for judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997). Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994).

In this case, Combs has neither alleged nor shown that Judge Hood acted in a non-judicial capacity. Indeed there can be no doubt that Judge Hood performed anything but paradigmatic judicial acts in presiding over Combs's 2004 criminal proceedings. Likewise it cannot be questioned that Judge Hood dealt with the parties in his judicial capacity while presiding over the proceedings. Combs essentially alleges nothing more than that he was dissatisfied with the fact that Judge Hood allowed the 2004 indictment to proceed to trial. However, this does not change the nature of Judge Hood's judicial acts, nor does it show that Judge Hood dealt with the parties in anything but his judicial capacity.

Additionally, Combs has not shown that Judge Hood acted in the complete absence of all jurisdiction. A judge only acts in the complete absence of all jurisdiction "when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Brookings*, 389 F.3d at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997)). Where, as here, a federal judge presides over a federal criminal trial in federal court, it is clear that the judge does not act "in the complete absence of all jurisdiction." Therefore, because the complained-of acts were judicial in nature, and because they were not taken in the complete absence of jurisdiction, the absolute judicial immunity bars all claims against Judge Hood.

AUSA West is also entitled to immunity. Combs complains that AUSA West violated his rights by seeking the 2004 indictment and subsequently prosecuting the case on behalf of the Government. However, because West was unquestionably acting as an advocate when he performed these functions, he is entitled to absolute prosecutorial immunity. *See Harris v. Bornhorst*, 513 F.3d 503, 509-10 (6th Cir. 2008). For this reason, the claims against AUSA West will also be dismissed with prejudice.

### III.   CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

1. Leon Combs's Motion to Proceed In Forma Pauperis [Record No. 3] is **DENIED** as moot.

2. This action is **DISMISSED** with prejudice.

3. Judgment shall be entered this date in accordance with this Memorandum Opinion and Order in favor of the Defendants.

This 21st day of October, 2008.



Signed By:
Danny C. Reeves  DCR
United States District Judge